# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

August 10, 2012

No. 11-60597
Summary Calendar

Lyle W. Cayce
Clerk

PARDEEP KUMAR,

Petitioner

v.

ERIC H. HOLDER, JR., U. S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A200 940 956

Before BENAVIDES, ELROD, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Pardeep Kumar, a native and citizen of India, petitions for review of a
decision of the Board of Immigration Appeals (BIA) dismissing the appeal of his
removal order after he was found ineligible for asylum, withholding of removal,
and relief under the Convention Against Torture (CAT). Kumar argues that the
immigration judge (IJ) erred in finding that he had not established past
persecution, requiring that he corroborate his claims with other reasonably

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

obtainable evidence such as affidavits, and finding that he had not established a well-founded fear of future persecution.

When considering a petition for review, this court has the authority to review only the BIA's decision, not the IJ's decision, unless the IJ's decision has some impact on the BIA's decision. *Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997). Findings of fact are reviewed for substantial evidence. *Wang v. Holder*, 569 F.3d 531, 536 (5th Cir. 2009). This court may not reverse an immigration court's factual findings unless "the evidence was so compelling that no reasonable factfinder could conclude against it." *Id.* at 537.

"Past persecution entails harm inflicted on the alien on account of a statutorily enumerated ground by the government or forces that a government is unable or unwilling to control." *Tesfamichael v. Gonzales*, 469 F.3d 109, 113 (5th Cir. 2006). A showing of past persecution gives rise to a rebuttable presumption that the applicant's life or freedom will be threatened in the future. 8 C.F.R. § 208.13(b)(1). The Government may rebut the presumption by showing that "[t]he applicant could avoid future persecution by relocating to another part of the applicant's country of nationality. . . and under all the circumstances, it would be reasonable to expect the applicant to do so." § 208.13(b)(1)(i)(B).

An applicant's testimony, alone, may be sufficient to sustain the burden of proving eligibility for asylum, "but only if the applicant satisfies the trier of fact that the applicant's testimony is credible, is persuasive, and refers to specific facts sufficient to demonstrate that the applicant is a refugee." 8 U.S.C. § 1158(b)(1)(B)(ii). "Where the trier of fact determines that the applicant should provide evidence that corroborates otherwise credible testimony, such evidence must be provided unless the applicant does not have the evidence and cannot reasonably obtain the evidence." *Id.* Given the implausibility that Kumar would need a police report to be treated at a hospital and the inconsistency between Kumar's testimony and the written materials he submitted regarding the Indian government's willingness to control violence from Dera Sacha Soda (DSS)

members, Kumar's testimony was not so credible or persuasive that it was error to hold that he should have submitted reasonably obtainable corroborating evidence to support his claim of past persecution or that he failed to meet his burden by failing to do so. § 1158(b)(1)(B)(ii).

Kumar did not show that he would be singled out for persecution based on his being a Sikh. His family has not experienced such persecution. *See Eduard v. Ashcroft*. 379 F.3d 182, 193 (5th Cir. 2004) (holding that safety of family members who share same protected characteristic is a factor the IJ can consider in denying asylum). Furthermore, there was no evidence admitted to suggest that members of Kumar's caste are persecuted, as a pattern or practice.

The record also supports the alternate holding that, assuming that Kumar established past persecution, any presumption of a well-founded fear of future persecution was rebutted. The BIA concluded that any fear that his hometown police would persecute him in another part of the country due to their ties with his girlfriend's family or with the DSS was merely speculative. As the record supports a conclusion that the Indian government does not tolerate violence by DSS members, and no evidence was presented to show that the Indian government tolerates violence based on caste membership, the record does not compel a conclusion that differs from that of the BIA. 8 C.F.R § 208.13(b)(1)(i)(B).

Based on the conclusion that Kumar failed to demonstrate eligibility for asylum, "[i]t necessarily follows that he has failed to make the more stringent showing necessary to justify withholding of deportation." *Adebisi v. I.N.S.*, 952 F.2d 910, 914 (5th Cir. 1992). By failing to demonstrate that he could not reasonably relocate within India without it being more likely than not that he would be tortured, Kumar also failed to demonstrate eligibility for CAT relief. *See* 8 U.S.C. § 1208.16(c). Kumar's claims challenging the denial of asylum, withholding of removal, and relief under the CAT are denied.

No. 11-60597

Kumar also argues that the IJ erred when it denied his motion for a bond redetermination hearing because his bond was too expensive for him to afford and he is not a flight risk. We lack jurisdiction to consider this claim. *Young v. U.S. Dep't of Justice, I.N.S.*, 759 F.2d 450, 457 (5th Cir. 1985).

PETITION DENIED IN PART AND DISMISSED IN PART